■ In the Matter of MIRAMICHI NURSING HOME, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— This proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services was dismissed on the merits and the determination was confirmed by an order of this court dated June 4, 1973 (*Matter of Miramichi Nursing Home v. Lavine*, 42 A D 2d 570). Petitioner now moves for reargument or leave to appeal to the Court of Appeals. The determination of the Commissioner refused (a) to grant petitioner a waiver of certain provisions of the Life Safety Code of the National Fire Protection Association (21st ed., 1967) imposed upon petitioner as a Medicaid provider of skilled nursing home care and (b) to certify petitioner as such provider. Motion granted insofar as it is for reargument; denied insofar as it is for leave to appeal; and, upon reargument, the decision and order of this court, both dated June 4, 1973, are recalled and vacated and the following decision is substituted for said decision: Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated December 20, 1972, which, with respect to petitioner nursing home (located in the City of White Plains) and after a hearing, refused to grant a waiver of the relevant provisions of the Life Safety Code of the National Fire Protection Association (21st ed., 1967) and to certify petitioner " as a provider of skilled nursing home care " under the State " Medicaid " program established under title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a et seq.). Determination confirmed, without costs. The stay granted in the order to show cause of the Special Term, Westchester County, dated January 8, 1973, instituting this proceeding, shall be deemed in effect and continued until four months after entry of the order to be made hereon, and for a further period, conditionally, as follows: 1. If, prior to the expiration of the four-month continuation of the stay, petitioner shall (a) complete the " Specified Correction " hereinafter set forth and (b) submit to the respondent State Commissioner of Social Services a written application for a waiver and a continued certification as a provider of skilled nursing home care, based upon proof of completion of the " Specified Correction ", the stay shall be further continued pending determination by said commissioner of said application, which application we direct shall be granted by him upon ascertainment that the " Specified Correction " has in fact been made. 2. The specified correction is as follows: Extend the present sprinkler system so that there shall be automatic sprinkler protection throughout the facility (including patient bedrooms), in accordance with section 10–234 of the Life Safety Code (21st ed., 1967). The alarm for such extended sprinkler system shall be interconnected with the facility's internal alarm system and the entire sprinkler system shall be connected by coded alarm to the White Plains Fire Department so that, if the alarm is triggered, the said fire department will be specifically advised by the coded alarm that the emergency emanates from the subject nursing home. Petitioner is one of the *Maxwell* nursing homes (*Maxwell* v. *Wyman*, 458 F. 2d 1146) which were originally decertified by the State Department of Social Services at the end of 1971 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required by title 19 of the Social Security Act (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]; Code of Fed. Reg., tit. 45, § 249.33, subd. [a], par. [1], cl. [vii]). (See *Matter of Maxwell* v. *Lavine*,

41 A D 2d 346.) By Federal court action, however, these decertifications were stayed pending hearings concerning whether a waiver of the applicable sections of the Life Safety Code should be granted (*Maxwell* v. *Wyman, supra*). Waiver is allowed where unreasonable hardship is shown and the waiver will not adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]). We are of the opinion that there was substantial evidence that petitioner was violating sections 10–1322 and 10–2341 of the Life Safety Code in that its building was not of at least two-hour fire-resistive construction and did not have automatic sprinkler protection " throughout " the facility. Under these circumstances a waiver was needed (see *Kruger* v. *Ingraham*, 42 A D 2d 983, 984) and, on the evidence presented at the hearing, the Commissioner of Social Services properly concluded that (as the facility is presently constituted) petitioner had failed to establish that a waiver would not adversely affect the health and safety of the patients. However, we note that the facility (which has a current operating certificate issued by the State Department of Health) has heat-activated detection units in all rooms. These thermal detection units are connected with the White Plains Fire Department through Burns Electronic Security Services, Inc. The Fire Department is professional and has a fire station approximately seven tenths of a mile from this nursing home. The Fire Department's response time is two to three minutes. The home has a sprinkler system in the kitchen and boiler room. The kitchen has a dry chemical system which automatically goes on when there is too much heat, but neither the sprinkler nor the dry chemical system is tied into the internal alarm system. The home has a fail-safe emergency lighting system. The owner of the home adduced evidence of other fire protective systems and measures. He also testified: " Now we are prepared to follow every suggestion the Board of Health has with regard to fixing up this nursing home, but we were told not to do it. We don't know what to do. I have done everything possible short of putting in a sprinkler system throughout the house and rebuilding the building." Petitioner evinced willingness to sprinkler the entire building if required. It is thus clear that although the determination under review must be confirmed, the facility as presently constituted does meet the standards of the State Health Department with respect to nonMedicaid patients. Under all the circumstances, in the interests of justice, we are granting a limited continuation of the stay in order to afford petitioner an opportunity to promptly make those Life Safety Code corrections which can reasonably be made, i.e., the above-mentioned " Specified Correction " — which, if originally expressly and clearly required by respondents of petitioner, might have obviated the hearing which was held and these legal proceedings (see *Kandel* v. *Ingraham*, 42 A D 2d 980). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.